## AUGUST BEHRENS v. THE STATE.

No. 2128. Decided April 17, 1901.

**Selling Liquor by Agent, etc., on Sunday—Information.**

An information for selling liquor on Sunday is wholly insufficient which simply charges, that defendant was barkeeper and clerk for S. Brothers, and did unlawfully sell one W. a drink of liquor on Sunday, but does not allege that defendant was an employe or clerk of S. Brothers, and sold the liquor belonging to S. Brothers as their said employe or clerk.

APPEAL from the County Court of Washington. Tried below before Hon. E. P. CURRY, County Judge.

Appeal from a conviction for selling liquor on Sunday; penalty, a fine of $20.

A motion to quash the complaint and information was overruled.

*W. C. Henderson* and *Ben S. Rogers,* for appellant.—The complaint in this case is certainly vague and duplicitous. It is not alleged that the sale took place in the house of Schmid Bros., nor is there any allegation that defendant made the sale as their agent or employe; in fact it does not allege who made the sale. From the face of the complaint it is impossible to determine whether Schmid Bros. or defendant are charged with the sale. In this class of cases the complaint must be definite as to time and place, and as to the person to whom the sale was made. The complaint is also fatally defective in the description of the article sold; the article is described as "a drink of liquor." It is a matter of common knowledge that there are hundreds of beverages known as "liquor" and the designation is so indefinite as to afford no means of determining what the defendant is charged with selling. The case is submitted upon the error of the court in refusing to quash the complaint, and we most respectfully urge that it ought to be reversed.

*Rob't A. John,* Assistant Attorney-General, for the State.—1. The complaint charges that appellant was barkeeper and clerk for Schmid Bros., and alleges that these parties were merchants, grocers, etc.; that their place of business was Brenham, Washington County, Texas; and that appellant did, on Sunday, the 22d day of October, 1899, in Washington County, commit the offense charged. True, it omits to say that he committed it in Washington County, Texas, but the court has a right to assume that the Washington County referred to is the same Washington County alleged in the preceding sentence, which is alleged in said sentence to be in the State of Texas. It has all the other requisites of a complaint. It was not necessary to allege that the house was kept open for sale, etc., on Sunday, that being another distinct offense.

2. The other objection is that the complaint and information are insufficient in that they charge that the merchandise sold was a drink of liquor, citing to sustain this proposition in his brief, the case of Moseley v. State, 18 Texas Criminal Appeals, 311. In that case this court used the following language: "In the case before us it certainly would not be unreasonable to require the State to inform the defendant of the facts which would identify the illegal sale complained of, either by naming the particular merchandise sold or the person to whom the sale is made or by other averments of some other identifying fact." The case at bar names the person to whom the liquor was sold. It states the time and place. It says that he sold it as bartender and clerk for the dealer in groceries, wares and merchandise; that he sold the same; and that the article sold was a drink of liquor. The generic term liquor or liquors includes intoxicating beverages. Black, Intox. Liq., sec. 7, p. 9. The pleadings are therefore sufficient and definite.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the Sunday law, and his punishment assessed at a fine of $20. The charging part of the complaint is as follows: "That August Behrens,

barkeeper and clerk for Schmid Bros., who are merchants and grocers, and dealers in wares and merchanndise, and traders in a lawful business, and whose place of business is in Brenham, Washington County, Texas, did on Sunday, the 22d day of October, 1899, in Washington County, unlawfully sell and barter to him, the said R. E. L. Wright, certain goods, wares, merchandise, groceries, and articles of trade, to wit, a drink of liquor, against the peace and dignity of the State." Various objections are urged to this complaint and the information, which is in the same language. Without going into the different grounds of the motion to quash, we are of opinion that the motion was well taken. Discarding words of the description of the person, appellant is charged with selling and bartering on Sunday a drink of liquor. This is not sufficient. If appellant was the employe of Schmid Bros., and as such employe sold liquor for them, he would be guilty. But because he was barkeeper and clerk for that firm would not make him guilty of selling liquor, unless it was the liquor of Schmid Bros., and sold by him as their employe. He is not charged with selling the property of Schmid Bros. as their agent or employe; he is simply described as such barkeeper and clerk; and there is an utter failure of the complaint and information to allege the fact that as said clerk he sold the liquor in question. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.